UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

In re:

MARINA OLDCO.,

           Debtor.

Case No. 12-10295 (ESL)

Chapter 11

### PURCHASER'S RESERVATION OF RIGHTS

TO THE HONORABLE ENRIQUE S. LAMOUTTE,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

      PDR Acquisition LLC (together with the PBF Entities[1] and the Additional PBF Entities, collectively, the "Purchaser") respectfully represents as follows:

      1.    On March 17, 2015, Reyto, Inc. a/k/a Marina OldCo. f/k/a Puerto Del Rey, Inc. (the "Debtor") filed an Urgent Motion for the Entry of Final Decree (the "Third Motion for Final Decree") [Docket No. 265] in the above-captioned chapter 11 case (the "Case").

      2.    On March 26, 2015, the Purchaser filed its Objection to the Debtor's Third Motion for Final Decree and "Urgent Motion to Shorten Time for Discovery" [Docket No. 269] (the "Objection") [Docket No. 276], in which the Purchaser (i) objected to the Debtor's improper attempt to use the mechanism of an application for final decree to attack the Confirmation Order entered almost two years ago; and (ii) reserved its right to seek sanctions under Bankruptcy Rule 9011, absent the Debtor's cessation of such conduct.

      3.    On March 27, 2015, the Court held a status conference in the context of adversary proceeding no. 14-00027 (ESL), which has now been dismissed with prejudice upon

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Confirmation Order. [Docket No. 172].

consent of the parties thereto. On the record of the status conference, the Debtor represented to the Purchaser and to the Court that the Debtor would file an amended application for entry of a final decree within fourteen days, i.e., by the date hereof.

4. Based upon the Debtor's representations on the record, the Purchaser and, respectfully, the Court, were led to believe that any such subsequent application would be a customary, routine, and non-controversial document requesting entry of a final decree simply closing the Case for administrative purposes.

5. Regrettably, since the March 27 status conference, the Debtor has behaved as if its representations to the Court on cited date did not occur. Instead, the Debtor has continued to raise demand after demand upon the Purchaser on behalf of Mr. Shelley, and declined to confirm its willingness to seek entry of a simple and straightforward final decree. For purposes of clarity of the docket, the Purchaser respectfully requests that the Court enter an order granting the Objection and denying the Third Motion for Final Decree [Docket No. 265] and related "discovery" [Docket No. 269].

6. The Purchaser respectfully submits that the Debtor should no longer be permitted to use this Case, and the Court's time, in furtherance of Mr. Shelley's misguided litigation campaign. No legitimate basis exists for Mr. Shelley, through the Debtor, to burden the Court in this manner, nor to harass the Purchaser and require the Purchaser to incur unnecessary cost and expense in responding to such outrageous conduct. It is respectfully submitted that this type of harassment is precisely what Bankruptcy Rule 9011 is intended to guard against.

7. Accordingly, out of an abundance of caution, the Purchaser respectfully submits this reservation of rights for the purpose of (i) informing the Court of the status of this Case since the status conference; (ii) reserving the Purchaser's right to object to any forthcoming

application for entry of a final decree, if such application seeks any relief whatsoever other than the administrative closing of the Case; (iii) reiterating and reincorporating the Purchaser's grounds for opposition to the Debtor's conduct, as set forth in the Objection; and (iv) reserving the Purchaser's right to seek sanctions pursuant to Bankruptcy Rule 9011, absent the immediate cessation of such conduct.[2] Also, for the avoidance of doubt, the Purchaser reserves all rights under the Confirmation Order, the Plan, and all Definitive Documentation.

### NOTICE

8. Notice of this Reservation of Rights shall be provided on the date hereof to counsel for the Debtor, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee"), and all parties having filed requests for notices in this Case. The Purchaser submits that no other or further notice need be provided.

### CERTIFICATE OF SERVICE

9. The appearing party hereby certifies that, on this same date, the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the Debtor, the U.S. Trustee, and all CM/ECF participants. The Purchaser submits that no other or further notice need be provided.

**WHEREFORE**, the Purchaser respectfully requests that the Court (i) take notice of the Purchaser's reservation of rights contained herein; (ii) enter an order denying the Debtor's Third Motion for Final Decree [Docket No. 265] and Urgent Motion to Shorten Time for Discovery [Docket No. 269]; and (iii) granting the Purchaser such other and further relief as is just and proper.

---

[2] The Purchaser has previously informed the Debtor of the specific grounds of any such sanctions motion. To the extent the Debtor continues its baseless litigation campaign, the Purchaser will file such motion promptly in an effort to deter this conduct.

3

Dated: April 10, 2015
San Juan, Puerto Rico

**FERNÁNDEZ, COLLINS, CUYAR & PLÁ**
P.O. Box 9023905
San Juan, PR 00902-3905
Telephone: (787) 977-3772
Facsimile: (787) 977-3773
E-mail: jcc@fccplawpr.com

/s/Juan A. Cuyar Cobb
Juan A. Cuyar Cobb
USDCPR 212401


**MOORE & VAN ALLEN PLLC**
Suite 4700
100 North Tryon Street
Charlotte, NC 28202
Tel: (704) 331-1046
Fax: (704) 378-1909
Email: zacharysmith@mvalaw.com

/s/ Zachary H. Smith*
Zachary H. Smith*

*Licensed in New York only.
Not licensed in North Carolina.

*Admitted Pro Hac Vice*

*Co-Counsel to the Purchaser*

4