UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>MARINA OLD CO.,<br><br>Debtor | CASE NO. 12-10295 (ESL)<br><br>CHAPTER 11 |

REPLY TO PURCHASER'S RESERVATION OF RIGHTS
AND REQUEST FOR IMMEDIATE
ENTRY OF FINAL DECREE AND HEARING THEREON

TO THE HONORABLE COURT:

COMES NOW Reyto, Inc. formerly Puerto Del Rey, Inc. also known as Marina Old, Co. (collectively "Reyto"), through its undersigned counsel, and respectfully states and requests:

1. After Debtor having complied with the Purchaser's exigencies as to the side letter agreed to by the Purchaser and Debtor during the hearing of March 27, 2015, which was to dove tail into the amended application for final decree (the "Amended Application") to be filed by agreement of the parties, the Purchaser filed a document titled "Purchaser's Reservation of Rights" at 6:03.01 on April 10, 2015 (the "Reservation"). (Docket No. 277).

2. The Reservation is totally misleading, devoid of any reality, clashes with the mandates of Rule 9011 of the Federal Rule of Bankruptcy Procedure and thus is sanctionable.

3. Contrary to the Purchaser's vacuous representations to the Court, Debtor's "Urgent Motion For The Entry Of Final Decree" (the "Urgent Motion") (Docket No. 265) was not filed by Debtor "to attempt to use the mechanism of an application for final decree to attack the Confirmation Order entered almost two years ago", but

| | |
|---|---|
| MARINA OLD CO. | Case No. 12–10295 (ESL) |
| Reply to Purchaser's Reservation of Rights | |
| And Request for Immediate Hearing | Page -2- |

in furtherance thereof, due to the Purchaser's unconscionable modus operandi of holding hostage the entry of the final decree in this case by its frivolous filings. Debtor incorporates by reference the Urgent Motion herein, as if literally transcribed and stands on it, as submitted.

4. At no time during the hearing of March 27, 2015, was there any representations by Debtor that the Amended Application "would be customary, routine and a non-controversial document requesting entry of a final decree simply closing the case for administrative purposes", since there is nothing in the Bankruptcy Code, nor in the Bankruptcy Rules containing such a language or requirement as to applications for final decree and the entry thereof.

5. The audio file of the hearing of March 27, 2015 (Docket No. 146 in Adversary No. 14-00027) shows the following:

> Mr. Cuprill[1]: That is correct, as to the entry of the final decree, your Honor, I have agreed with Mr. Cuyar that ah …. in reference to one of the issues, or the side issue that I raised in the last application for the entry of the final decree which had to do with the expungement of some pages of the contracts that were to be assumed under the provisions of the Plan. He and I have agreed that ah…. the Debtor is going to be provided by the Purchaser with a side letter along the lines that those contracts that I am pointing out, which were not part of those to be assumed, will be considered not included in the assumed contracts and that ah… upon obtention of that letter that I would …
>
> Judge: That goes beyond this adversary proceeding.
>
> Mr. Cuprill: I am talking about the main case … I am talking about the main case as to the issue … the issuance of the final

---

[1] Mr. Cuprill – Charles A. Cuprill, Esq., Counsel for Debtor.

Case:12-10295-ESL11 Doc#:278 Filed:04/10/15 Entered:04/10/15 13:59:05 Desc: Main
Document Page 3 of 5

| | |
|---|---:|
| MARINA OLD CO. | Case No. 12–10295 (ESL) |
| Reply to Purchaser's Reservation of Rights | |
| And Request for Immediate Hearing | Page -3- |

decree. And that upon receipt of that letter, I would file an amended application for ahh … the entry of the final decree not including what I am saying which is part of the application that I have right now.

Judge: So, can I say that the Debtor shall file amended application for the entry of final decree within … how many days are you going to do it?

Mr. Cuyar[2]: 14 days.

Mr. Cuprill: 14 days.

Mr. Cuyar: Juan Cuyar for the Purchaser, your Honor. Perhaps just to summarize and to make it easy for the Court: the parties have agreed that the Debtor will file an amended application for final decree within 14 days and whatever ehh ehh… issues or agreements that we have already ehh.. reached we will have resolved by such date.

Mr. Cuprill: Yes, but I do not want to prolong the issue, upon the receipt of the letter that we agreed…

Mr. Cuyar: Yes of Course.

Mr. Cuprill: I will file the application.

Judge: My minute will only reflect: Debtor shall file amended application for entry of final decree within 14 days. As I said, I am not going to bring peace to all the parties in all the respects with this… regards of the adversary … of the contested [mumbled speech] matters that you have amongst yourselves. So you settle your issues, which perhaps go beyond the realm of this adversary proceeding and the realm of the bankruptcy case and then after you do, then you file your application for final decree.

6. No such expression, as stated by Purchaser, was made on the record by Debtor. Therefore, the Purchaser's farfetched implication at paragraph 4 of the

---

[2] Mr. Cuyar – Juan Cuyar, Esq. – Counsel for PDR Acquisition, LLC (Purchaser).

MARINA OLD CO. Case No. 12–10295 (ESL)
Reply to Purchaser's Reservation of Rights
And Request for Immediate Hearing Page -4-

Reservation, to the extent of even attempting to read the presiding Judge's mind, is devoid of any basis.

7. What Debtor intended to do in the Amended Application was to excise from the pending one (Docket No. 265), the matters to be covered in the side letter, to be executed by the Purchaser, a draft of which was submitted by Debtor thereto, as later amended, upon the discussion of counsel for the parties, and pending the Purchaser's execution.

8. Therefore, it is of the Purchaser's own making that the Amended Application has not been filed and forces Debtor to stand on the Urgent Motion, and vehemently request the statements of paragraph 5 of the Reservation, particularly since the submission by Debtor to the Purchaser of a simple two paragraph side letter has been effected and the Purchaser has failed to respond thereto.

9. The submitted side letter contradicts the expressions of the Purchaser at paragraph 5 of the Reservation as to Debtor continuing to raise "demand after demand" and instead shows a clear accommodative language attuned to the Purchaser's request.

10. Again, contrary to the Purchaser's submission at paragraph 6 of the Reservation, what the Urgent Motion seeks is to finally close the captioned case in a manner following the provisions of the Confirmation Order and has nothing to do with Mr. Daniel Shelley's controversies with the Purchaser, finally disposed of by the dismissal with prejudice of Adversary Number 14-00027. Consequently, Debtor must reject the sanctionable offensive language of paragraph 6 of the Reservation as to "Mr. Shelley's misguided litigation campaign", as well as the sequel thereto.

11. The aforesaid is unrelated to the Urgent Motion. The Purchaser's

Case:12-10295-ESL11 Doc#:278 Filed:04/10/15 Entered:04/10/15 13:59:05 Desc: Main
Document Page 5 of 5

MARINA OLD CO. Case No. 12–10295 (ESL)
Reply to Purchaser's Reservation of Rights
And Request for Immediate Hearing Page -5-

misconstruction can be easily resolved by Zachary Smith, Esq. and Mr. Robert Pressman, the Purchaser's representatives, not hiding behind the mantel of not being subject to the jurisdiction of the Court and submitting themselves to Debtor's straight forward short intended discovery.

12. Therefore, the Purchaser's reservation of rights "out of an abundance of caution" is ill founded and forces the Purchaser to request for the Court to issue the final decree as requested in the Urgent Motion (Docket No. 265), submitted by Debtor without any reservation "out of abundance of caution", the Purchaser's stereotyped phrase.

WHEREFORE, it is respectfully requested that the Reservation be rejected and the final decree entered as requested in the Urgent Motion.

CERTIFICATE OF SERVICE: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems which will send notification of such filing to the Office of the United States Trustee, and all CM/ECF participants. Copy of this motion is also being sent to counsel of PBF, Zachary H. Smith, Esq., Moore & Van Allen, PLLC, Suite 4700, 100 North Tryon Street, Charlotte, NC 28202, via e-mail zacharysmith@mvalaw.com; and to Mr. Robert L. Pressman, Triton Equity Partners, LLC, 81 Newtown Lane, East Hampton, NY 11937, via e-mail to rpressman@tritonequity.com.

San Juan, Puerto Rico, this 10th day of April, 2015.

s/ CHARLES A. CUPRILL–HERNÁNDEZ
USDC–PR 114312
Charles A. Cuprill, P.S.C., Law Offices
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel.: (787) 977–0515
Fax: (787) 977–0518
E–Mail: ccuprill@cuprill.com